Larry B. Jones, WSB # 5-1847
William L. Simpson, WSB # 5-2189
Tenille L. Castle, WSB # 6-4325
BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.
P.O. Box 490
Cody, WY 82414
307-527-7891
307-527-7897 FAX
ljones@skelaw.com
bsimpson@skelaw.com
tcastle@burgsimpson.com
*ATTORNEYS FOR DEFENDANT*
*PARK COUNTY, WYOMING, PARK*
*COUNTY SHERIFF'S DEPARTMENT AND*
*SHERIFF SCOTT STEWARD IN HIS*
*OFFICIAL CAPACITY*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JAMES WILCOX, ) | |
| KELLLY WILCOX, ) | |
| WILCOX LIVESTOCK, LLC, ) | |
| JESSE WILCOX, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-CV-210J |
| ) | |
| Deputy ANDREW MAGILL, ) | |
| in his individual capacity, ) | |
| Deputy MARK HARTMAN ) | |
| in his individual capacity, ) | |
| Brand Inspector DAN HADDEN, ) | |
| in his individual capacity, ) | |
| Sheriff SCOTT STEWARD, ) | |
| in his official and individual capacities, ) | |
| PARK COUNTY SHERIFF'S OFFICE, ) | |
| PARK COUNTY, WYOMING, ) | |
| RHONDA ROBINSON, ) | |
| a citizen and resident of South Carolina, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS', PARK COUNTY, WYOMING, PARK COUNTY SHERIFF'S DEPARTMENT AND SHERIFF SCOTT STEWARD IN HIS OFFICIAL CAPACITY, MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR RECONSIDERATION AND CLARIFICATION**

**COMES NOW**, Defendants Park County, Wyoming, Park County Sheriff's Department and Sheriff Scott Steward, in his official capacity, by and through their undersigned counsel, and respectfully submit the following in opposition to Plaintiffs' Motion for Reconsideration and Clarification:

## PROCEDURAL BACKGROUND

Plaintiffs filed their original complaint on September 28, 2010 (Doc. #1) and their Amended Complaint on November 8, 2010. (Doc. #13). In the Amended Complaint, Plaintiffs asserted six counts. Plaintiffs' first two counts of the Amended Complaint contained allegations purporting to set forth sufficient claims for 1) deprivation of property without due process under § 1983; and 2) conspiracy under § 1983. Counts III, V and VI of the Amended Complaint contain allegations purporting to set forth state law claims. Count IV of the Amended Complaint is alleged solely against the non-governmental entity/party Rhonda Robinson.

Defendants Deputy Andrew MaGill, Deputy Mark Harman, Brand Inspector Dan Hadden, and Sheriff Scott Steward, all in their individual capacities, (hereinafter referred to as "Individual Capacity Defendants") filed a Motion to Dismiss and supporting Memorandum. (Docs. #19 and 20). Defendants Park County, Wyoming, Park County

Sheriff's Office and Sheriff Scott Steward in his Official Capacity (hereinafter referred to as "Official Capacity Defendants"), filed their companion Motion to Dismiss, joined in the arguments presented the Individual Capacity Defendants as to the dismissal of the federal claims, and asserted additional basis for dismissal. (Docs. #16 and 17).  Plaintiffs responded to the motions to dismiss (Doc. #29), and a hearing on the motions was held January 14, 2011.  After a hearing, this Court granted the Motions to Dismiss. (Doc. #38).

Plaintiffs filed a Motion for Reconsideration and Clarification (Doc. #39) and the Individual Capacity Defendants submitted their Memorandum of Law in Response to the Plaintiffs' Motion for Reconsideration and Clarification.  (Doc. #41).  The Official Capacity Defendants now submit their companion memorandum in response to Plaintiffs' Motion for Reconsideration and Clarification.

## STANDARD Of REVIEW

Plaintiffs have moved for reconsideration and clarification of the Order Granting Motions to Dismiss citing Federal Rule of Civil Procedure 59(e).  The determination of whether or not to grant a Rule 59(e) motion is within the trial court's sound discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Cf.*

> Fed. R. App. P. 40(a)(2) (grounds for rehearing). It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. N.M. 2000). A motion to reconsider should be used neither to introduce new evidence that was available during original consideration, nor to introduce new legal theories. *Calderon v. Reno*, 56 F.Supp.2d 997, 998 (N.D. Ill. 1999) (citing *Publisher's Resource Inc. v. Walker-David Publications, Inc.*, 726 F.2d 557, 561 (7th Cir. 1985)).

### RESPONSE TO PLAINTIFFS' POINTS OF RECONSIDERATION

Plaintiffs' Motion for Reconsideration presents no evidence previously unavailable to the Plaintiffs nor does their motion address an intervening change in law. The Official Capacity Defendants hereby join in and adopt all arguments presented by the Individual State Actor Defendants in their Memorandum of Law in Response to Motion for Reconsideration and Clarification (Doc. #41).

Further, Plaintiffs' Motion for Reconsideration fails to directly address any claims against the Official Capacity Defendants, and only makes one reference to Sheriff Scott Steward in footnote 5 on page 9 of the motion in Plaintiffs' failed attempted to argue the Individual State Actors should not have been entitled to quasi-judicial immunity when they levied the Writ of Execution. There, Plaintiffs' contend, the Writ of Execution listed only one judgment debtor, "Jim Wilcox, d/b/a Wyoming Ranch Geldings, d/b/a Wilcox Livestock, LLC," and as such the Individual State Actors should have been on notice

there was only one defendant with property that could be levied upon. (Doc. #40, page 8). Plaintiffs argue this fact should have placed the Individual State Actors on notice that they needed to contact the County Attorney for guidance on execution of the writ. *Id.* Plaintiffs further contend that Sheriff Steward, in his official capacity, is liable as either a top policymaker or as ratifier of the deputies' actions as Sheriff Steward and then-counsel for Rhonda Robinson had supposedly been in contact concerning execution of the writ.

Plaintiffs have failed to state a basis for relief under Rule 59(e). As set forth in the Individual State Actors' response, there is no underlying constitutional violation on the part of the Individual State Actors. Therefore, there is no liability on the part of Sheriff Scott Steward, in his official capacity. "To establish a violation of § 1983 by a supervisor, as with everyone else, then, the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate [the plaintiff's legal] rights." *Porro v. Barnes*, 624 F.3d 1322, 1327(10th Cir. 2010)(internal citation and quotation marks omitted).

Without liability on the part of Sheriff Scott Steward, in his official capacity, Park County Sheriff's Office and Park County, Wyoming cannot be liable. "A municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. Kan. 1993) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 89 L. Ed. 2d 806, 106 S. Ct. 1571 (1986); *Apodaca v. Rio Arriba County Sheriff's Dept.,* 905 F.2d 1445,

1447-48 (10th Cir. 1990); *Watson v. City of Kansas City,* 857 F.2d 690, 697 (10th Cir. 1988)).

## CONCLUSION

Plaintiffs' Motion for Reconsideration and Clarification is little more than an attempt to relitigate the issues already determined by this Court. Neither new evidence nor an intervening change in controlling law have been presented by the Plaintiffs. Plaintiff do not even attempt to make an argument establishing the Official Capacity Defendants' liability. Therefore, Plaintiffs are not entitled to any relief under Federal Rule of Civil Procedure 59(e), and this Court should deny Plaintiffs' Motion for Reconsideration and Clarification.

**DATED** this ___15th___ day of March, 2011.

                                          _/s/_____
                                          Tenille L. Castle WSB #6-4325
                                          Larry B. Jones WSB # 5-1847
                                          William L. Simpson WSB # 5-2189
                                          Simpson, Kepler & Edwards, LLC
                                          *The Cody, Wyoming Division of*
                                          BURG SIMPSON ELDREDGE
                                          HERSH & JARDINE, PC
                                          P.O. Box 490
                                          Cody, WY 82414

## CERTIFICATE OF SERVICE

I do hereby certify that I electronically filed the foregoing on this 15th day of March, 2011, and served the following individuals:

Philip E. Abromats
Philip E. Abromats, PC
PO Box 827
Greybull, WY 82426
lawyer@abro-law.com
Attorney for the Plaintiffs

Thomas Rumpke
Senior Assistant Attorney General
2424 Pioneer Ave
123 Capital Building
Cheyenne, WY 82002
trumpk@state.wy.us
Attorney for Individual Capacity 1983 Defendants

Anna Reeves Olson
Park Street Law Office
242 South Park Street
Casper, WY 82601
aro@parkstreetlaw.com
Attorney for Defendant Robinson

                                               /s/_____
                                               Tenille L. Castle