FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAR 15 2011

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JAMES WILCOX, KELLY WILCOX, WILCOX LIVESTOCK, LLC, JESSE WILCOX, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 10-CV-210-J ) |
| ANDREW MAGILL, Deputy, in his individual capacity; MARK HARTMAN, Deputy, in his individual capacity; DAN HADDEN, Brand Inspector, in his individual capacity; PARK COUNTY SHERIFF, in his official capacity, also known as SCOTT STEWARD; PARK COUNTY SHERIFF'S OFFICE; RHONDA ROBINSON, citizen and resident of South Carolina; SCOTT STEWARD, individually; PARK COUNTY; RHONDA ROBINSON, a citizen and resident of South Carolina, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION

Plaintiffs' Motion for Reconsideration and Clarification (Docket Entry 39)

and the defendant's memorandum in opposition thereto (Docket Entry 41)

have come before the Court for consideration.  The Court has considered the

parties' written submissions, has reviewed the file and the pleadings, including

this Court's February 9, 2011 "Order Granting Motions to Dismiss Filed by

Individual Capacity Defendants and Official Park County Defendants" (Docket

Entry 38), the applicable law, and is fully advised in the premises.


## Standard of Review[1]

The Federal Rules of Civil Procedure do not specifically provide for

motions for reconsideration.  See *Hatfield v. Board of County Com'rs for

Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).  However, where:

> . . . a party files a motion for reconsideration prior to the entry of
> judgment, Rules 59(e) and 60(b) do not apply. *Houston Fearless
> Corp. v. Teter,* 313 F.2d 91, 92 (10th Cir.1962). Instead, the
> motion falls within a court's plenary power to revisit and amend
> interlocutory orders as justice requires. *See Paramount Pictures*

---

[1] When a party asks the district court to reconsider its previously issued dispositive ruling, the threshold question is not *what* relief is sought, but rather, *when* it is sought.  The Federal Rules of Civil Procedure splits the calendar as follows:  (1) if the motion is filed within ten days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e); (2) if the motion is filed more than ten days after the entry of judgment, it is treated as one seeking relief from the judgment under Fed. R. Civ. P. 60(b). *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). The Federal Rules of Civil Procedure now provide that a Rule 59(e) Motion to Alter or Amend a Judgment must be filed **no later than 28 days after the entry of the judgment.**

*Corp. v. Thompson Theatres, Inc.,* 621 F.2d 1088, 1090 (10th Cir.1980) (citing Fed.R.Civ.P. 54(b)); *see also Houston Fearless Corp.,* 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao,* No. 07-cv00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D.Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.,* No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D.Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the Duty-to-Defend Order); *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D.Colo. 1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

*Innovatier, Inc. v. Cardxx, Inc.*, Slip Copy, 2011 WL 93720, *1 (D.Colo. January 11, 2011). See also See *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 (10th Cir. 1991).

## Discussion

This Court entered its Order Granting Motions to Dismiss Filed by Individual Capacity Defendants and Official Park County Defendants on February 9, 2011. In the instant motion, the plaintiff seeks reconsideration and clarification of that Order.  The Court has not yet entered judgment in this case

in favor of those defendants. However, even if judgment is entered as to these defendants only, however, the analysis and disposition herein remain the same.

After considering all of the parties' arguments, the Court concluded in its February 2011 Order that the plaintiffs were afforded sufficient due process to protect their property interests and that any deficiencies relative to the levy and sale of property were matters within the purview of state law. Counts 1, 2 and 6 against all the individual capacity and official capacity defendants were dismissed with prejudice; Counts 3 and 5, the state law claims, were dismissed without prejudice.

Plaintiffs' motion seeks clarification and reconsideration of the following points relative to the Court's February Order: (1) whether plaintiffs should have leave to amend to assert an unreasonable seizure claim under the Fourth Amendment; (2) whether the Court erroneously assumed that there was no dispute that the state actors' actions were in compliance with the writ of execution; and (3) based on an asserted erroneous assumption that the state actors were in compliance with the writ of execution, the state actors were entitled to qualified immunity.

Upon review, the Court has determined that the plaintiffs cite no facts that were not available at the time of the initial decision or case law subsequent

4

and contradictory to the Court's January 3, 2011 Order. Plaintiffs simply take issue with the Court's order and its application of the case law. Plaintiffs cite no authority that is contradictory and simply recites case law reviewed by the Court earlier and which is distinguishable. Plaintiffs do attach a copy of Black Law Dictionary's definition of "Levy," but in the Court's view that is not a new fact unavailable at the time of the initial decision nor does it provide contradictory law that would justify granting the instant motion.

The Court is not inclined to find plaintiffs' arguments persuasive or such that they require a reversal of the Court's earlier disposition of this matter. These arguments reiterate facts and views that were presented and briefed by the parties during the Court's first visit to these issues and at the hearing. The plaintiffs' arguments are unavailing once again and the instant motion is viewed as an attempt to obtain yet one more bite at this apple.

The Court does not believe the evidence in the record suggests the Court need now re-visit these issues. The Court is not convinced that the plaintiffs' submissions demonstrate that this Court has patently misunderstood the plaintiffs' position, that it has made a decision outside the adversarial issues presented or has made a mistake of apprehension, or that there has been a significant change in the law or facts since the submission of issues to the

5

Court.  The Court declines the plaintiffs' invitation to reconsider its earlier rulings and persists in its earlier findings and rulings in all respects.  The Court further will exercise its discretion and deny the plaintiffs' late request to amend the complaint yet again.

The Court further finds that final judgment should be entered as to Deputy Andrew Magill, in his individual capacity, Deputy Mark Hartman, in his individual capacity, Brand Inspector Dan Hadden, in his individual capacity, Sheriff Scott Steward, in his official and individual capacities, Park County Sheriff's Office, and Park County, Wyoming in that there is no just cause for delay, pursuant to Fed. R. Civ. P. 54(b).  Although the February 2011 decision adjudicates fewer than all claims or rights and liabilities of fewer than all the parties, specifically Rhonda Robinson, the matter is final as to these defendants and there is no just cause or other good reason to delay entry of judgment in favor of these defendants.

Accordingly, it is therefore

**ORDERED** that the plaintiffs' "Motion for Reconsideration and Clarification" shall be, and is, **DENIED.  It is further**

**ORDERED** that final judgment should be entered as to Deputy Andrew Magill, in his individual capacity, Deputy Mark Hartman, in his individual

capacity, Brand Inspector Dan Hadden, in his individual capacity, Sheriff Scott

Steward, in his official and individual capacities, Park County Sheriff's Office,

and Park County, Wyoming in that there is no just cause for delay, pursuant to

Fed. R. Civ. P. 54(b). **Judgment shall be entered accordingly**

Dated this ___15th___ day of ___March___ 2011.


_____
UNITED STATES DISTRICT JUDGE